# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-CV-10556-AK |
| JOHN DOE, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

Plaintiff Strike 3 Holdings, LLC ("Strike 3") brings this action against a John Doe defendant ("Doe") for copyright infringement. Strike 3 owns several motion pictures which it alleges Doe is downloading and distributing illegally. [Dkt. 1 at ¶ 4]. Doe is using BitTorrent, a protocol which allows anonymous downloading and distribution of content. [Id.]. Due to this, the only information about Doe known to Strike 3 is Doe's internet protocol ("IP") address. For this reason, Strike 3 has submitted a motion for leave to serve a third party, Verizon Fios ("Verizon"), who is Doe's internet service provider ("ISP"), a subpoena to obtain the true name and address of Doe, in order to proceed with its infringement claim against Doe. [Dkt. 7 at ¶ 1]. For the following reasons, Strike 3's motion for leave to serve a third party subpoena [Dkt. 6] is **GRANTED SUBJECT TO CERTAIN RESTRICTIONS.**

1

I.   **BACKGROUND**

Unless otherwise noted, the facts are presented as alleged in Strike 3's complaint. [See Dkt. 1]. Strike 3 is the owner of multiple adult films that are released on specific websites that the public must pay to access. [Id. at ¶ 13]. John Doe is allegedly infringing the copyright of twenty-eight of Strike 3's films by illegally downloading and distributing them via a protocol known as BitTorrent, a system designed to quickly distribute large files over the Internet. [Id. at ¶ 17]. BitTorrent works by breaking down the original data media file into numerous pieces, in the process creating what is known as a ".torrent file." [Id. at ¶ 19]. The end user must then obtain this file, as it corresponds to the piece of media that they wish to download. Each of these files contain important metadata, which, when put into the cryptographic algorithm, creates a "hash value," which is data used to identify the other pieces of the .torrent file. [Id. at ¶ 24]. Using this, an end user can collect every piece of the original file, and it is automatically reassembled into its original form. [Id. at ¶ 26].

To track any potential infringers, Strike 3 developed a system called "VFX Scan." This system establishes a direct connection with IP addresses while the BitTorrent network is being used. [Id. at ¶ 29]. The system can then obtain the .torrent files and use them to download the media files that they correspond to. [Id. at ¶ 32]. These are compared to the original works to determine if they infringe on Plaintiff's copyright. VFX Scan can then use the "hash value," which is in the metadata of the file, to download the file and truly verify if it is the same. [Id. at ¶ 35]. Through VFX Scan, the nature of downloads (including the date, time, and IP address) of the infringer can be tracked.

Strike 3 used this system to confirm and identify that twenty-eight of their films have been infringed by Doe. Exhibit A [see Dkt. 1-1] shows the IP address of Doe, as well as the

information obtained by VFX Scan [Dkt. 1 at ¶ 41]. Based on this data, Strike 3 alleges that Doe illegally downloaded, copied, and distributed its movies. [Id. at ¶ 43]. Doe's IP address can serve to identify who Doe is, but only their ISP has the necessary information to link the data to the identity of Doe. [Id. at ¶ 1].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d) states that parties can seek discovery before a discovery conference occurs if a court order is issued for the same. While the First Circuit has not established a standard for allowing a subpoena against a third party prior to a Rule 26(f) conference, other courts usually require a showing of "good cause" to effectuate such an order. Strike 3 Holdings v Doe. No. 22-CV-11102-NMG, 2022 WL 3154673, at *2 (D. Mass. Aug. 8, 2022). In addition to requiring "good cause" for such action, courts in the District of Massachusetts have also applied a five-factor test before allowing the subpoena to issue: (1) a concrete showing of a prima facie claim of actionable harm; (2) specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) a central need for the subpoenaed information to advance the claim; and (5) the party's expectation of privacy. Sony Music Entm't Inc. v. Doe, 326 F. Supp. 2d 556, 564 (S.D.N.Y. 2004).

## III. DISCUSSION

The Court first considers whether Plaintiff has made a "a concrete showing of a prima facie claim of actionable harm." Id. In this case, the actionable harm is Doe's copyright infringement. To establish copyright infringement, the plaintiff must establish two elements: ownership of a valid copyright and the copying of constituent elements of the work that are original. Feist Publ'ns v. Rural Tel. Servs. Co., 499 U.S. 340, 361 (1991). Strike 3 has stated that they own a copyright for the aforementioned films [Dkt. 1 at ¶ 42], and Exhibit A of the

complaint contains all the particulars surrounding their copyright in said films, including date of publication, date of registration, and the copyright registration number. [Dkt.1-1]. The complaint clearly alleges Doe copied Strike 3's original work using the BitTorrent software, as described in Section I of this order. Therefore, the first factor weighs in Strike 3's favor.

The second element is the "specificity of the discovery request." Sony Music, 326 F. Supp. 2d at 564. Strike 3 has limited its request to the name and address that is associated with the infringing IP address. [Dkt. 7 at 8]. These two pieces of information are essential in copyright infringement cases. See Malibu Media, LLC v. Doe, No. 15-CV-7788 (KMW), 2016 WL 1651869, at *2 (S.D.N.Y. Apr. 26, 2016). The name and address of the IP user will allow Plaintiff to effectuate service against the Defendant, and since no other information is being requested, this factor weighs in favor of granting Strike 3's request.

The third factor, "the absence of alternative means to obtain the subpoenaed information," also weighs in favor of granting Strike 3's request. Doe's ISP is the only entity that can identify the requested information using the IP address, as it is the only one with the necessary capabilities and access to the requested information. See Viken Detection Corp. v. Doe, No. 19-CV-12034-NMG, 2019 WL 5268725, at *1 (D. Mass. Oct. 17, 2019) (holding that the "only way the plaintiffs can realistically proceed" in a lawsuit against a John Doe defendant was to subpoena the ISP for the information connected to the IP address). The BitTorrent software that was used by Doe is anonymous and Strike 3 has no other information regarding the identity of Doe.

The fourth element, "a central need for the subpoenaed information to advance the claim," overlaps with the second and third factors, which the Court has already discussed. For Strike 3 to proceed with the suit, it needs the name and address of the John Doe defendant, and

furthermore, its subpoena is limited to this information alone, so it is not excessive in scope. See Malibu Media, 2016 WL 1651869 at *3 (stating that the name and address of the Doe defendant is "highly specific" and is the "bare minimum needed for Plaintiff to identify and effectuate service upon the Defendant"). Therefore, this factor also weighs in favor of Strike 3.

The fifth factor, "the party's expectation of privacy," also supports granting Strike 3s request. To overcome the right to anonymity, "there must be enough facts to state a claim to relief that is plausible on its face." Arista Records LLC v. Doe, 604 F.3d 110, 120 (2d Cir. 2010). Strike 3 has stated a plausible claim of copyright infringement. Moreover, Strike 3's request is limited to only the name and address of Doe, which is necessary for it to proceed. Therefore, the fifth factor also weighs in favor of the plaintiff.

## IV.    CONCLUSION

For the foregoing reasons, Strike 3's motion for leave to serve a third-party subpoena [Dkt. 6] is **GRANTED**. However, in addition to granting this motion, the Court finds that it is appropriate to issue restrictions on the information that is obtained by Plaintiff to safeguard the privacy interests of the Doe Defendant. Therefore, the Court grants the motion **SUBJECT TO THE FOLLOWING RESTRICTIONS**:

- Strike 3 may immediately serve a third-party subpoena upon Verizon, pursuant to Rule 45 of the Federal Rules of Civil Procedure, requiring Verizon to disclose only the name and address of the subscriber associated with IP address 72.85.200.55. The subpoena shall have a copy of this Order attached.

- Verizon shall have 15 days from the date the subpoena is served upon it to serve the affected internet subscriber with a copy of the subpoena and a copy of this Order.

Verizon may use any reasonable means to do so, including, but not limited to, written notice to the subscriber's last known address.

- The internet subscriber shall have 30 days from the date of service of the subpoena upon him or her to file any motion with the Court to quash or contest the subpoena, including any request to litigate the subpoena anonymously.  Verizon shall **not** produce any subpoenaed information to Strike 3 during this period, without further order from this Court.  If the internet subscriber does not file a motion to quash the subpoena with this Court, Verizon shall produce to Strike 3 all information necessary to comply with the subpoena within 10 days thereafter.

- Pursuant to Rule 45, Verizon may also move to contest the subpoena.  If it does so, it shall ensure that its filings do not disclose to Strike 3 any identifying information concerning the affected internet subscriber.

**SO ORDERED.**

Dated: April 24, 2023

/s/
Hon. Angel Kelley
United States District Judge